IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LEONARD SWEENEY,
    Plaintiff,

vs.                                    Case No. 3:11cv517/MCR/EMT

MITCH McCONNELL, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

       Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 28 U.S.C. § 1331 (doc. 1). He paid the filing fee. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).

       Upon review of the initial pleading, the court concluded that it was unclear whether a jurisdictional basis existed for this action. Therefore, the court directed Plaintiff to clarify his allegations in an amended complaint (doc. 3). Plaintiff has now filed an amended complaint (doc. 4). Upon review of the amended pleading, the court concludes that Plaintiff still has not established a jurisdictional basis for this action. Therefore, it should be dismissed.

I.      PLAINTIFF'S ALLEGATIONS

       In Plaintiff's initial complaint, he named five Defendants: Mitch McConnell, Republican Leader of the United States Senate; Harry Reid, Democratic Leader of the United States Senate; John A. Boehner, Republican Leader of the United States House of Representatives; Nancy Pelosi, Democratic Leader of the United States House of Representatives; and Barack Obama, President of the United States (doc. 1 at 1, 2). Plaintiff claimed that Defendants violated the Sixteenth Amendment by enacting federal income tax laws that allowed individuals, businesses, and

corporations to pay a lower percentage of their gross income as income taxes than other taxpayers with lower gross incomes (*id.* at 3–4). He contended this violates the Sixteenth Amendment's requirement that, "The higher the earnings, the higher the percentage collected" (*id.* at 3). As relief, Plaintiff sought a declaration that he and all other taxpayers are exempt from filing federal income tax returns and paying federal income taxes until the federal income tax laws are changed in conformity with the Sixteenth Amendment (*id.* at 4).

In the order directing Plaintiff to clarify the jurisdictional basis for this action, the undersigned advised Plaintiff that the mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331 (*see* doc. 3). Federal jurisdiction requires that a party assert a substantial federal claim.

In Plaintiff's amended complaint (doc. 4), he asserts substantially the same factual allegations as his initial complaint (doc. 1). He argues the current tax laws allow millionaires and corporations to pay a lower percentage of their income in taxes than low and middle class taxpayers (doc. 4 at 3–4). He claims the current tax laws violate the Sixteenth Amendment which, according to Plaintiff, requires "The higher the earnings, the higher the percentage collected from them." (*id.* at 3). Plaintiff seeks an injunction requiring Congress and the President of the United States to change the current income tax laws to comply with his perception of the Sixteenth Amendment's mandate (*id.* at 4).

II. ANALYSIS

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The

burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

Merely asserting a federal cause of action is not enough to establish federal-question jurisdiction. Miccosukee Tribe of Indians of Fla. v. Kraus–Anderson Constr. Co., 607 F.3d 1268, 1273 (11th Cir. 2010). "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted); *see also* McGinnis v. Ingram Equip., Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (sometimes, a case may be dismissed for lack of subject-matter jurisdiction if it is clear the claims on which jurisdiction is based are patently without merit). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

In the instant case, Plaintiff alleges Defendants violated the Sixteenth Amendment by enacting federal income tax laws that allowed individuals, businesses, and corporations to pay a lower percentage of their gross income as income taxes than other taxpayers with lower gross incomes. However, the Sixteenth Amendment does not require a progressive income tax. The Sixteenth Amendment merely states: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and

without regard to any census or enumeration." Plaintiff's legal theory is thus indisputably meritless. Accordingly, his complaint is subject to dismissal for failure to assert a substantial federal claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 23rd day of November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**